IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RASILA THAKUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-2004-CM |
| ) | |
| BANNER PROPERTY MANAGEMENT, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This case comes before the court on the motion (**doc. 30**) of the defendant, Banner Property Management, Inc., seeking an order requiring CVS Pharmacy ("CVS"), a non-party, to show cause why CVS should not be held in contempt for failing to comply with the subpoena duces tecum commanding it to appear and produce documents on August 30, 2006.

The record indicates on August 9, 2006, defendant served a subpoena duces tecum directed to the records custodian of CVS located at 13360 West 87th Parkway, Lenexa, Kansas. The return of service of the subpoena (doc. 31-4) indicates that the subpoena was served on Phil Partee, the store manager, whom appears is a duly authorized employee or representative of CVS. The subpoena directed the records custodian to appear on August 30, 2006, at 9:30 a.m. at the offices of defense counsel, Larson & Larson, in Leawood, Kansas.

The record further indicates that defendant appeared at the time of the deposition, as did a court reporter hired by defendant. CVS did not appear, nor file a motion to quash or

contact defendant's counsel in any manner.

On September 15, 2006, defendant filed the instant motion. The motion indicates that a copy was served by certified mail on Mr. Partee. However, there has been no timely response filed to the motion.

D. Kan. Rule 7.4 provides:

> If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.

The court could grant the motion solely on the grounds that it is uncontested. However, the court will consider the merits of the motion.

Fed. R. Civ. P. 45(e) provides, in relevant part: "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued." Before sanctions may be imposed on a person charged with contempt under Rule 45, due process requires that the person receive notice and an opportunity to be heard.[1]

For the above-stated reasons, the court grants the instant motion. By **October 20, 2006**, CVS is ordered to show cause, in writing, to the undersigned magistrate judge, why it should not be held in contempt of court for failure to comply with the subpoena duces tecum served upon it by defendant Banner Property Management, Inc. on August 9, 2006,

---

[1] *In re Corso*, 328 B.R. 375 (E.D.N.Y. 2005).

and why defendant's costs for attending the deposition should not be assessed against CVS.

IT IS SO ORDERED.

Copies of this order shall be served electronically upon all counsel of record for the parties. A copy of this order also shall be served by U.S. mail, addressed to Records Custodian of CVS, 13360 West 87th Parkway, Lenexa, Kansas, 66215.

Dated this 12th day of October, 2006, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge